IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HIGHLAND TANK & MFG. CO., | ) | Civil Action No. 04-100J |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| PS INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant PS International, Inc. ("PSI"), by and through its attorneys Pietragallo, Bosick & Gordon, LLP, files and serves the following Answer, Affirmative Defenses, and Counterclaims in response to the Amended Complaint of Plaintiff Highland Tank & Mfg. Co. ("Highland"), averring as follows:

### FIRST AFFIRMATIVE DEFENSE

### ANSWER

1.  PSI specifically denies the allegations of Paragraph 1 of Plaintiff's Amended Complaint to the extent that these allegations may imply or suggest that Plaintiff has a valid claim against PSI for patent infringement, copyright infringement, a violation of the Lanham Act, violations of the statutory laws of Pennsylvania or South Dakota, or claims under common law. PSI only admits that the patent laws of the United States are set forth in Title 35 of the United States Code, that the copyright laws are set forth in Title 17 of the United States Code, that the Lanham Act is set forth in Title 15 of the United States Code, and that Plaintiff makes claims under these acts, and under the state law of Pennsylvania and South Dakota.

2. PSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of Plaintiff's Amended Complaint, and therefore, specifically denies the same.

3. The averments contained in Paragraph 3 of Plaintiff's Amended Complaint are admitted in part and denied in part. It is admitted that PSI is a South Dakota corporation. It is specifically denied that PSI's place of business is 1013 Shenandoah Circle, Sioux Falls, South Dakota 57103. On the contrary, PSI's corporate address is 5309 East Ryan Place, Sioux Falls, South Dakota 57110. The remaining allegations of Paragraph 3 are admitted.

4. In response to Paragraph No. 4, PSI incorporates its response to Paragraph 1 of Plaintiff's Amended Complaint as if set forth at length herein.

5. PSI admits that this Court has subject matter jurisdiction pursuant to Titles 28 and 15 of the United States Code, but specifically denies the remaining allegations of Paragraph 5 of Plaintiff's Complaint.

6. PSI admits that venue is proper in this jurisdiction, but specifically denies that any of the acts complained of in Plaintiff's Amended Complaint were committed in this judicial district or elsewhere.

## COUNT I

*(Patent Infringements)*

7. In response to Paragraph 7 of Plaintiff's Amended Complaint, PSI incorporates by reference its responses to Paragraph 1 though and including 6 to Plaintiff's Amended Complaint as if set forth a length herein.

8. PSI admits that United States Patent No. 4,722,800 (the '800 Patent) is entitled "Oil-water Separator," issued on February 2, 1998, and that a copy of the '800 Patent is attached to Plaintiff's Amended Complaint as Exhibit A. PSI is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of Plaintiff's Amended Complaint, and therefore, specifically denies same.

9. The allegations of Paragraph 9 of Plaintiff's Amended Complaint plead conclusions of law to which no response is required. Moreover, to the extent that the allegations contained in Paragraph 9 attempt to characterize, explain, summarize or otherwise discuss the '800 Patent, said interpretation is a matter of law to be decided by this Court.

10. The averments contained in Paragraph 10 of Plaintiff's Amended Complaint are admitted in part and denied in part. It is admitted that PSI has manufactured, sold and/or offered for sale in the United States the PSRC Model Rectangular Separator and the PSR Model Rectangular Separator. PSI specifically denies the remaining averments of Paragraph 10 of Plaintiff's Amended Complaint.

11. The averments contained in Paragraph 11 of Plaintiff's Amended Complaint plead conclusions of law to which no response is required. To the extent that a response may be required, said averments are specifically denied. It is specifically denied that PSI's PSRC Model Rectangular Separator or PSR Model Rectangular Separator infringe any claim of the '800 Patent.

12. The averments contained in Paragraph 12 of Plaintiff's Complaint plead conclusions of law to which no response is required. To the extent that a response may be required, said averments are specifically denied.

13. PSI specifically denies the allegations of Paragraph 13 of Plaintiff's Amended Complaint.

## COUNT II

### *(Trade Secret Misappropriation)*

14. In response to Paragraph 14 of Plaintiff's Amended Complaint, PSI incorporates by reference its responses to Paragraph 1 though and including 13 to Plaintiff's Amended Complaint as if set forth a length herein.

15. The averments contained in Paragraph 15 of Plaintiff's Complaint are admitted.

16. In response to Paragraph 16 of Plaintiff's Amended Complaint, it is only admitted that Messrs. Sadler & Paulson resigned from McTighe Industries in or about June, 1999, and that McTighe Industries filed and adversary proceeding in the Chapter 11 Bankruptcy of McTighe Industries. The remaining averments of Paragraph 16 are specifically denied.

17. To the extent that Paragraph 17 of Plaintiff's Amended Complaint attempts to site to, summarize or characterize Exhibit "C" to Plaintiff's Amended Complaint, said document speaks for itself, and therefore, no response is required of PSI.

18. After reasonable investigation, PSI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18 of Plaintiff's Amended Complaint, and therefore, specifically denies same.

19. In response to Paragraph 19 of Plaintiff's Amended Complaint, it is admitted that Mr. Sadler obtained a copy of McTighe's standard catalog after the stipulated dismissal, however, it is specifically denied that this catalog was obtained in an unlawful or illegal manner. On the contrary, McTighe Industries' catalogs were available in the public domain, and are still available in the public domain today. The remaining allegations of Paragraph 19 plead conclusions of law to which no response is required. To the extent a response may be required, said allegations are specifically denied.

20. After reasonable investigation, PSI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of Plaintiff's Amended Complaint, and therefore, specifically deny same.

21. PSI specifically denies the allegations of Paragraph 21 of Plaintiff's Amended Complaint.

### COUNT III

*(Lanham Act)*

22. In response to Paragraph 22 of Plaintiff's Amended Complaint, PSI incorporates by reference its responses to Paragraph 1 though and including 21 to Plaintiff's Amended Complaint as if set forth a length herein.

23. The averments contained in Paragraph 23 of Plaintiff's Amended Complaint plead conclusions of law to which no response is required. To the extent a response may be required, said averments are specifically denied.

24. The averments contained in Paragraph 24 of Plaintiff's Amended Complaint plead conclusions of law to which no response is required. To the extent a response may be required, said averments are specifically denied.

25. The averments contained in Paragraph 25 of Plaintiff's Amended Complaint plead conclusions of law to which no response is required. To the extent a response may be required, said averments are specifically denied.

26. PSI specifically denies the allegations of Paragraph 26 of Plaintiff's Amended Complaint.

## COUNT IV

### *(Copyright Infringement)*

27. In response to Paragraph 27 of Plaintiff's Amended Complaint, PSI incorporates by reference its responses to Paragraphs 1 through and including 26 of Plaintiff's Amended Complaint as if set forth at length herein.

28. The averments contained in Paragraph 28 of Plaintiff's Amended Complaint plead conclusions of law to which no response is required. To the extent that a response may be required, said averments are specifically denied.

29. After reasonable investigation, PSI is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of Plaintiff's Complaint, and therefore said averments are specifically denied.

30. The averments contained in Paragraph 30 of Plaintiff's Complaint plead conclusions of law to which no response is required. To the extent that a response may be required, said averments are specifically denied.

31. PSI specifically denies the allegations of Paragraph 31 of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

32. PSI denies any and all liability to Highland. PSI specifically denies that Highland is entitled to any of the relief set forth in subparagraphs (a) (s) of the prayer for relief set forth in Plaintiff's Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

33. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

34. Upon information and belief, one or more of the claims of U.S. Patent No. 4,722,800 (the '800 Patent) is and was at all times invalid for failure to comply with one or more of the requirements to patentability specified in the patent laws of the United States, including §§ 101, 102, 103, and 112 of Title 35, United States Code.

35. Upon information and belief, if the claims of the '800 Patent were at any or all times valid and enforceable, the methods practiced or the products manufactured, used, offered for sale or sold by PSI did not and do not infringe any of such claims of the '800 Patent.

## FOURTH AFFIRMATIVE DEFENSE

36. Properly construed, no valid claim in the '800 Patent covers any rectangular oil-water separator made, used, offered for sale or sold by PSI.

## FIFTH AFFIRMATIVE DEFENSE

37. Upon information and belief, by reason of positions taken by the applicants to secure the issuance of the '800 Patent in the United States Patent & Trademark Office in response to office actions by the Patent Examiner, or in statements made by the Patentee to the United States Patent & Trademark Office, Plaintiff is barred by prosecution history estoppel from any application of the doctrine of equivalents that would be necessary for infringement of any of the claims of the '800 Patent by any method practice or product made, used, offered for sale or sold by PSI.

## SIXTH AFFIRMATIVE DEFENSE

38. Upon information and belief, Plaintiff has misused that '800 Patent, and a consequence thereof, the '800 Patent is unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE

39. Upon information and belief, Plaintiff has failed to comply with the patent marking provision of 35, U.S.C. § 287(a), whereby any damages it may recover under the '800 Patent is barred prior to the time the Plaintiff gave actual notice to PSI of PSI's alleged infringement of the '800 Patent.

### EIGHTH AFFIRMATIVE DEFENSE

40. Plaintiff's trade secret misappropriation claim set forth in Count II of the Amended Complaint is barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

41. The alleged trade secrets identified in Count II of Plaintiff's Amended Complaint are not entitled to trade secret protection under federal, South Dakota or Pennsylvania law, in that information alleged to be a trade secret was revealed in U.S. Patent No. 4,722,800.

### TENTH AFFIRMATIVE DEFENSE

42. The alleged trade secrets identified in Count II of Plaintiff's Amended Complaint are not entitled to trade secret protection under federal, South Dakota or Pennsylvania law, in that information alleged to be a trade secret was available in the public domain.

### ELEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claim of trade secret misappropriation set forth in Count II of Plaintiff's Amended Complaint is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

44. Plaintiff's claim of trade secret misappropriation claim set forth in Count II of Plaintiff's Amended Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

45.    Plaintiff's claims of Lanham Act violations as set forth in Count III of Plaintiff's Amended Complaint are barred by the application statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

46.    Plaintiff's claims of violation of the Lanham Act set forth in Count III of Plaintiff's Amended Complaint are barred by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

47.    Plaintiff's claims of copyright infringement set forth in Count IV of Plaintiff's Amended Complaint are barred by the doctrine of merger.

### SIXTEENTH AFFIRMATIVE DEFENSE

48.    Plaintiff's claims of copyright infringement set forth in Count IV Plaintiff's Amended Complaint are barred by the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

49.    Plaintiff's allegations of copyright infringement set forth in Count IV of Plaintiff's Amended Complaint are barred by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

50.    Plaintiff's claims for trade secret misappropriation, Lanham Act violations, and copyright infringement are barred by Plaintiff's unclean hands.

### COUNTERCLAIM

Under the provisions of Rule 7 and 8 of the Federal Rules of Civil Procedure, Defendant PS International, Inc. ("PSI") by and through its attorneys, brings the following Counterclaim against Plaintiff Highland Tank & Mfg. Co. ("Highland"):

## THE PARTIES

1. Counterclaim Plaintiff, PSI, is a corporation organized and existing under the laws of the state of South Dakota, with a principal place of business at 5309 East Ryan Place, Sioux Falls, South Dakota 57110

2. Upon information and belief, Counter Claim Defendant, Highland, is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at One Highland Road, Stoystown, Pennsylvania 15563.

## JURISDICTION AND VENUE

3. This is a civil action for declaratory judgment at U.S. Patent No. 4,722,800 (the '800 Patent) is invalid and not infringed by PSI, either directly or by inducing infringement.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1-376, which provide for original jurisdiction in actions arising under the Patent Act.

5. Venue is proper under this district under 28 U.S.C. § 1391(b) and (c).

## COUNT I

### *Declaratory Judgment of Patent Non-Infringement and Invalidity*

6. On or about May 7, 2004, Highland filed suit against PSI in the United States District Court for the Western District of Pennsylvania, Johnstown Division, alleging infringement of the '800 Patent by PSI.

7. As a result of the aforementioned suit, an actual and justiciable controversy exists between the parties.

8. The '800 Patent is invalid for failure to comply with the requirements of Part II of Title 35 of the United States Code.

9. PSI has not directly infringed nor induce the infringement of any of the claims in the '800 Patent.

10. The '800 Patent is not being directly infringed by any third party and, therefore, there can be no "inducing" infringement as alleged by the Counterclaim Defendant in the Complaint.

**WHEREFORE**, Counterclaim Plaintiff PSI prays for the following relief:

1. That Highland's Amended Complaint be dismissed with prejudice against PSI, and that PSI recover judgment for its costs and disbursements incurred herein.

2. That the Patent-in-Suit be declared invalid and not infringed by PSI.

3. That the Patent-in-Suit be declared unenforceable because of Highland's misuse of the Patent-in-Suit.

4. That Highland, its officers, directors, agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from charging infringement or instituting any action for infringement of the Patent-in-Suit against PSI and PSI's customers.

5. That Highland, its officers, directors, agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from publicizing, alleging or asserting the existence of a lawsuit against PSI or otherwise threatening PSI's customers with lawsuits for patent infringement or any other allegation based upon PSI's manufacture or sale of its PSRC Model Rectangular Separator or the PSR Model Rectangular Separator.

6.  That this case be declared exceptional and PSI be awarded its costs, expenses, and reasonable attorney's fees.

7.  That PSI have such further relief as this Court may deem as just and proper.

Respectfully submitted.

PIETRAGALLO, BOSICK & GORDON

By: */s/ Eric G. Soller*
Eric G. Soller, Esquire
Pa. I.D. #65560
Alan G. Towner
Pa I.D. #67984

38th Floor, One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000
***Counsel for Defendant, PS International, Inc***

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, I electronically filed the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following:

>Gene A. Tabachnick, Esquire
>Joshua Bish, Esquire
>REED SMITH LLP
>435 Sixth Avenue
>Pittsburgh, PA  15219

>*/s/ Eric G. Soller*
>Eric G. Soller, Esquire